IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)

CHRIS WEBB                                                                                          PLAINTIFF
803 Dorsey Way
Louisville, Kentucky 40223

                                                                                3:17-CV-498-DJH

v.

WAKEFIELD & ASSOCIATES, INC.                                                  DEFENDANTS
10800 East Bethany Drive, No. 450
Aurora, Colorado 80014

        SERVE:    Incorp Service, Inc.
                       828 Lane Allen Road, Suite 219
                       Lexington, Kentucky 40504
                       (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:    CSC-Lawyers Incorporating Service Co.
                       421 W. Main St.
                       Frankfort, Kentucky 40601
                       (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

      SERVE:    CT Corporation System
                      818 West Seventh Street, 2nd Floor Agent
                      Los Angeles, CA 90017
                      (BY KENTUCKY SECRETARY OF STATE)

\*\* \*\* \*\* \*\*

## **VERIFIED COMPLAINT**

Comes the Plaintiff, Chris Webb, and for his Verified Complaint against the Defendants, Wakefield & Associates, Inc ("Wakefield"), Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

## I. PRELIMINARY STATEMENT

1.    This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendants' false credit reporting and Defendants' failure to investigate Plaintiff's disputes regarding false and derogatory Wakefield tradelines on Plaintiff's credit reports.

## II. PARTIES

2.    Plaintiff, Chris Webb, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 803 Dorsey Way, Louisville, Kentucky 40223.

3.    Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.    Defendant, Wakefield, is a corporation organized under the laws of the State of Colorado and doing business in the Commonwealth of Kentucky with its principal place of business located at 10800 East Bethany Drive, No. 450, Aurora, Colorado 80014.

5. Wakefield is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

7. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

12. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

## IV. FACTUAL BACKGROUND

13. In or around April 2017, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed his Equifax and Experian credit reports and discovered false and derogatory tradelines furnished by Wakefield regarding alleged medical collections accounts.

14. Immediately upon his discovery of the reporting of the collections accounts, Plaintiff disputed the Wakefield tradelines with Equifax and Experian. Specifically, Plaintiff disputed Wakefield Account Nos. 114091****, 114063****, and 112274**** stating in his disputes that the accounts did not belong to Plaintiff.

15. In May 2017, Plaintiff received Equifax's dispute results. Those results revealed that Equifax failed to investigate Wakefield Account No. 114063****. Consequently, Equifax failed to remove the false and derogatory Wakefield account from Plaintiff's Equifax credit report.

16. Also in May 2017, Plaintiff received Experian's dispute results. Despite Plaintiff's lawful request for investigation and deletion of the subject tradelines, Wakefield and Experian verified the accuracy of the tradelines.

17. The Defendants' false credit reporting and their failure to investigate Plaintiff's disputes have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit.

## V. CLAIMS

### Negligence – Wakefield

18. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19. Wakefield's failure to investigate Plaintiff's disputes and its false reporting to Equifax and Experian regarding the alleged past due accounts were negligent under applicable

law.

20. In failing to investigate Plaintiff's disputes and in falsely reporting the alleged past due accounts, Wakefield breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

21. Wakefield's failure to investigate Plaintiff's disputes and its false reporting to Equifax and Experian regarding the alleged past due accounts has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

22. Wakefield's failure to investigate Plaintiff's disputes and its false reporting to Equifax and Experian regarding the alleged past due accounts was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

23. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24. Equifax's failure to properly investigate Plaintiff's dispute and its consequent failure to remove the Wakefield tradeline from Plaintiff's Equifax credit report, despite Plaintiff's lawful notice to Equifax disputing the tradeline, was negligent.

25. In failing to properly investigate Plaintiff's dispute of the Wakefield tradeline, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

26. Equifax's negligent failure to properly investigate Plaintiff's dispute of the Wakefield tradeline and its consequent failure to remove the tradeline from Plaintiff's Equifax

credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

27. Equifax's failure to properly investigate Plaintiff's dispute of the Wakefield tradeline and its consequent failure to remove the tradeline from Plaintiff's credit report, despite Plaintiff's lawful dispute to Equifax, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

28. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. Experian's failure to properly investigate Plaintiff's disputes and its consequent failure to remove the Wakefield tradelines from Plaintiff's Experian credit report, despite Plaintiff's lawful notice to Experian disputing the tradelines, was negligent.

30. In failing to properly investigate Plaintiff's disputes of the Wakefield tradelines, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

31. Experian's negligent failure to properly investigate Plaintiff's disputes of the Wakefield tradelines and its consequent failure to remove the tradelines from Plaintiff's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

32. Experian's failure to properly investigate Plaintiff's disputes of the Wakefield tradelines and its consequent failure to remove the tradelines from Plaintiff's credit report, despite

Plaintiff's lawful dispute to Experian, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Wakefield

33. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34. Wakefield, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax and Experian, and other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax and Experian credit reports, that Plaintiff has past due accounts with Wakefield.

35. Wakefield's statements were false and were made with conscious disregard for the rights of the Plaintiff.

36. Wakefield's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Wakefield accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

37. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Wakefield and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a past due account with Wakefield.

39. Equifax's statements were false and were made with conscious disregard for the

rights of the Plaintiff.

40. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Wakefield account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

41. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42. Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Wakefield and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has past due accounts with Wakefield.

43. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

44. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Wakefield accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Wakefield

45. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

46. Wakefield's failure to investigate Plaintiff's disputes and it initial and continuing false reporting to Equifax and Experian of Plaintiff's alleged past due Wakefield accounts are

8

violations of Wakefield's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

47. Wakefield's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Wakefield is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

48. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49. Equifax's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

50. Equifax's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

51. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

52. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

53. Experian's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report is a violation of Experian's duty

to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

54. Experian's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

55. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Wakefield

56. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57. Wakefield's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax and Experian of Plaintiff's alleged past due Wakefield accounts, despite Wakefield's knowledge of the falsity of its reporting, are willful violations of Wakefield's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

58. Given Wakefield's knowledge of the falsity of its reporting, Wakefield's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Wakefield is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

59. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60. Equifax's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

61. Equifax's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

62. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

63. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 62 as if fully set forth herein.

64. Experian's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

65. Experian's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

66. Experian's violations of the FCRA amount to willful non-compliance with the

FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Chris Webb, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 S. Fifth St.
Louisville, KY 40202
Tel. 502.443.1060
Fax 502.589.3004
hemmingerlawoffice@gmail.com
*Co-Counsel for Plaintiff*

## VERIFICATION

I, Chris Webb, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Chris Webb

COMMONWEALTH OF KENTUCKY    )
                                                     ) SS
COUNTY OF JEFFERSON              )

Subscribed, sworn to and acknowledged before me by Chris Webb this 17th day of August, 2017.

_____
Notary Public
Commission expires: March 28, 2018

Notary Public, State at Large, KY
My Commission Expires Mar. 28, 2018

13